Kendrick Jan, SBN 105149
Kendrick Jan, APC
402 West Broadway, Suite 1520
San Diego, CA 92101
Phone: (619) 231-7702
kj@jan-law.com

Attorney for plaintiff KASHANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIR SAIED KASHANI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK AS TRUSTEE FOR THE GSR MORTGAGE LOAN TRUST 2005-AR6; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:20-cv-06270-FMO-KS<br><br>CLASS ACTION<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>1. Violations of the 15 U.S. Code § 1641(g) (Truth in Lending Act § 131) |

Plaintiff MIR SAIED KASHANI, by and through his attorney, brings this action individually and on behalf of himself and all other similarly situated members of the public against defendant U.S. BANK AS TRUSTEE FOR THE GSR MORTGAGE LOAN TRUST 2005-AR6 ("GSR Trust"), and DOES 1 through 20, inclusive, for damages pursuant to 15 United States Code § 1640, and for other available relief. Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This matter is brought as a Rule 23(b) class action in favor of borrowers in connection with defendants' violation(s) of the Truth in Lending Act as amended 2009 ("TILA"), specifically, failure to give notice of (alleged) transfer of residential mortgage loan(s). TILA, 15 U.S.C. §§ 1601, *et seq.*, and Fed. R. Civ. P., Rule 23(b)(3). Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

2. This First Amended Complaint for damages is filed consistent with 15 U.S.C. § 1640(a), and seeks recovery of damages in favor of consumer[1]-borrower class members as contemplated by 15 U.S.C. § 1640(a)(2)(B).

3. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, and 15 U.S.C. § 1640(e).

4. Venue in the Central District of California is proper under 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claim occurred, and the real property financed by plaintiff Kashani's residential mortgage transaction subject of this claim is situated, in the Central District of California.

5. At all times relevant hereto, defendant GSR Trust conducted business with, and has otherwise so acted and practiced as to have affected, individual consumer-borrowers who entered into separate "residential mortgage transactions,"[2] including certain consumer-borrowers residing in the Central District of California, including without limitation plaintiff KASHANI.

---

[1] As used in this First Amended complaint, the adjective "consumer" "characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i).

[2] The term "residential mortgage transaction" is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. §1602(x).

# PARTIES

6. Plaintiff Kashani is an individual resident of the County of Los Angeles, State of California, residing at that address commonly known as 800 W. 1st Street, Unit A-252, Los Angeles, California, who, pursuant to Federal Rule of Civil Procedure 23, brings this case as a FRCP Rule 23(b)(3) class action individually and on behalf of that class of consumers defined as follows: that group of natural persons made up of consumer borrowers of residential mortgage loans originally made and held by Wells Fargo Bank, which loans were (allegedly) sold or otherwise transferred or assigned to GSR Trust between January 1, 2018 and July 1, 2020, and to whom no written notification of transfer was timely given pursuant to the Truth in Lending Act, 15 U.S.C. § 1641. The term "residential mortgage loan" means a purchase-money or construction loan secured by a security interest in residential property, and refers to both the note and the security instrument drawn in connection with a respective residential mortgage transaction.

7. On information and belief, Defendant GSR Trust is a real estate investment trust that administers a portfolio of mortgage loans. GSR Trust investors hold "certificates" in the trust which purportedly evidence some ownership interest in the underlying mortgage loans. Issues related to the use of such certificates contributed to the financial "meltdown" in 2008, yet Wells Fargo Bank and GSR Trust have continued to use them in transacting and transferring residential mortgage loans, including in connection with the sale, assignment and/or transfer of those residential mortgage loans subject of this complaint ("Residential Mortgage Loans") to GSR Trust. Defendant GSR Trust is impleaded by the naming of its nominal trustee, US Bank.

8. Plaintiff is unaware of the true names and capacities of defendants DOES 1 through 20, and therefore sues said defendants by such fictitious names. If and when the true names and capacities of defendants DOES 1 through 20 are discovered,

Plaintiff will seek leave to amend this complaint to substitute the true names for such fictitious names.

## **PLAINTIFF KASHANI'S FACTS**

9. In 2004, plaintiff Kashani obtained from Wells Fargo Bank a Residential Mortgage Loan in the original principal amount of $800,000 secured by a first position deed of trust in favor of Wells Fargo Bank, which deed of trust was recorded with the Los Angeles County Recorder and expressly listed Wells Fargo Bank as lender and beneficiary. This complaint depends upon the contention by defendant that Kashani's Residential Mortgage Loan was assigned to defendant GSR Trust.

10. From 2004 to July 2019, Wells Fargo Bank gave no notice whatsoever that the Kashani's Residential Mortgage Loan had been sold, assigned or transferred. Instead, Wells Fargo Bank acted in all respects as if the loan had never been transferred, and led plaintiff to so believe. Among other actions of Wells Fargo that caused plaintiff to reasonably believe his Residential Mortgage Loan had never been assigned/transferred:

    a. Through December 2018, all mortgage statements received by Kashani were labeled "Wells Fargo Home Mortgage" and directed the recipient to the Wells Fargo website for information about his Residential Mortgage Loan.

    b. Plaintiff had a checking account at Wells Fargo Bank. The subject Residential Mortgage Loan was listed and information pertaining thereto was listed on the Wells Fargo Bank checking account statements and labeled a "Wells Fargo account".

    c. On Wells Fargo Bank's online checking website, Kashani's Residential Mortgage Loan was listed under "other *Wells Fargo* accounts" and appeared under the menu item "Pay other *Wells Fargo* accounts".

    d. Wells Fargo always counted Kashani's Residential Mortgage Loan as part of plaintiff's overall banking relationship with Wells Fargo Bank, specifically, the amount of the mortgage loan was counted such that the total

relationship exceeded a given minimum such that plaintiff was not charged a service fee for his checking account. In other words, Wells Fargo Bank specifically informed plaintiff that because he had a loan with Wells Fargo of over $500,000 (referring to Kashani's Residential Mortgage Loan), he would not be charged a service fee for the checking account. The lack of service fee continued even after the servicing of the loan was purportedly transferred, and even after the recordation of the alleged assignment (see below).

e. In December 2018, plaintiff received a notice from Wells Fargo that the *servicing* of plaintiff's Residential Mortgage Loan was being transferred to a loan servicer called SLS. The notice stated only that the servicing was being transferred and made no mention of transferring Kashani's Residential Mortgage Loan.

f. Neither Wells Fargo nor anyone else gave any notice that plaintiff's Residential Mortgage Loan had (allegedly) been transferred until mid-July 2019.

11. In June 2019, Wells Fargo made an unauthorized withdrawal of over $15,000 from plaintiff's bank account at Wells Fargo Bank and applied the money to his Residential Mortgage Loan, based upon which Kashani reasonably believed Wells Fargo to then be the owner/creditor of/on Kashani's Residential Mortgage Loan, without regard to how or when such status had been attained. In reliance on his continued belief the Kashani Residential Mortgage Loan still belonged to Wells Fargo, Kashani contacted Wells Fargo (and not any assignee) regarding the unauthorized withdrawal.

12. As a direct result of Kashani's contact with Wells Fargo, Wells Fargo reversed the withdrawal, but in addition Wells Fargo, without authorization, reversed several other payments on Kashani's Residential Mortgage Loan and even stopped several checks Kashani had written in payment of the loan. As a direct result, the payments were recorded late and plaintiff's Residential Mortgage Loan was placed in default.

This caused irreparable damage to plaintiff's credit.  Wells Fargo promised to provide a letter to help cure the credit problems but never did.  None of this would have occurred if plaintiff Kashani had received the TILA-required notification of who held Kashani's Residential Mortgage Loan, because plaintiff could then have contacted the actual holder (presumably defendant GSR Trust).  Accordingly, plaintiff suffered damage and great prejudice from the lack of the required written notification of the (alleged) assignment.

13.     On or after July 17, 2019, plaintiff received a letter from Wells Fargo's attorney describing that Kashani's Residential Mortgage Loan had been assigned to defendant GSR Trust.  This letter was the first notification of any kind plaintiff ever received that any aspect of his Residential Mortgage Loan had been sold, transferred, or assigned.  Thus plaintiff did not discover until July 17, 2019, at the earliest, that his Residential Mortgage Loan had allegedly been assigned.  As above described, prior to July 17, 2019, Kashani reasonably understood his Residential Mortgage Loan was owned by Wells Fargo and had not been sold, assigned or transferred.[3]

14.     TILA requires that, not later than thirty (30) days after a borrower's mortgage loan is sold or otherwise transferred or assigned, the transferee/assignee must provide the borrower with written notification of "(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." 15 U.S.C.  § 1641(g)(1).

15.     On information and belief, any sale, transfer, and/or assignment of Kashani's Residential Mortgage Loan to defendant GSR Trust actually took place on, about,

---

[3] For the reasons stated above, prior to July 17, 2019, Kashani did not, and had no reason whatsoever to, search the records of the Los Angeles County Recorder's Office for any transfer(s) of his Residential Mortgage Loan, including that document recorded January 19, 2019, purporting to effect a *present* assignment/transfer of some aspects of the Kashani Residential Mortgage Loan from Wells Fargo to defendant GSR Trust.

or after January 17, 2019, which sale/transfer/assignment triggered defendant GSR Trust's obligation to timely provide plaintiff Kashani the written notification required by 15 U.S.C. § 1641.

16. Defendant GSR Trust failed – whether within 30 days of the date of alleged transfer or otherwise – to provide plaintiff Kashani the written notification required by 15 U.S.C. § 1641(g).

17. TILA is explicit and straightforward. If no timely written notification was given as required by 15 U.S.C. § 1641(g), defendant GSR Trust is liable to plaintiff Kashani for damages, amounts, and costs as set forth in 15 U.S.C. § 1640(a).

18. The one-year limitations period governing plaintiff Kashani's filing of this action was equitably tolled until July 17, 2019, the date on which Kashani first "had reasonable opportunity to discover the nondisclosures that form the basis of this TILA action." *King v. State of Cal.,* 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff's original complaint in the captioned matter was timely filed on July 15, 2020, a date within the governing one-year statute of limitations set forth in 15 U.S.C. § 1640(e). Defendant is estopped to assert the statute of limitations from January 2019 because, as alleged above, plaintiff was prejudiced by the failure to give timely notice of the alleged transfer.

## CLASS-WIDE FACTS

19. GSR Trust's prospectus discloses that Wells Fargo owns certificates in GSR Trust, and moreover that said certificates constitute an ownership interest in the underlying Residential Mortgage Loans, including plaintiff's Residential Mortgage Loan. A more complete understanding of the facts is impossible because Wells Fargo has "stonewalled" and refused to disclose how many and what type of certificates it holds in GSR Trust.

20. On information and belief, plaintiff's Residential Mortgage Loan was transferred by Wells Fargo to GSR Trust in or after January 2019. The timing is significant. In 2019, Wells Fargo was heavily fined by the banking regulators for

pervasive fraudulent practices against consumers. The banking regulators imposed a restriction on Wells Fargo increasing its capital and assets. This created an incentive for Wells Fargo to offload assets such as mortgage loans to trusts such as GSR Trust.

21. In 2019, one or more articles appeared in the financial press indicating that after a hiatus of some ten years (following the 2008 financial collapse), Wells Fargo was back in the business of "securitizing" mortgage loans, including by transfer of loans to trusts like defendant GSR Trust.

22. The transfer of individual loans would do little to address the capital restriction imposed on Wells Fargo, and on information and belief, Wells Fargo's common practice was to transfer a large, bundled group of loans for securitization.

23. On information and belief, Wells Fargo, during the period of January 1, 2018, through July 1, 2020, transferred a substantial number of Residential Mortgage Loans to defendant GSR Trust – during which same period Wells Fargo transferred plaintiff's Residential Mortgage Loan to GSR Trust. The transfer(s)/assignment(s) of the subject Residential Mortgage Loans having been made, defendant GSR Trust was statutorily obligated to timely provide all Residential Mortgage Loan borrowers with the written notification required by 15 U.S.C. § 1641(g).

24. Moreover, there being nothing unique about plaintiff's Residential Mortgage Loan, if as alleged, defendant GSR Trust failed to timely give plaintiff Kashani the written notification required by 15 U.S.C. § 1641(g), then it follows that neither did defendant GSR Trust timely provide the required notice to other Residential Mortgage Loan borrowers.

25. Defendant GSR Trust is subject to liability for actual and/or statutory damages as set forth in 15 U.S.C. § 1640(a) for its failure to give the written notifications required by 15 U.S.C. 1641(g), and such liability extends to each individual Residential Mortgage Loan borrower to whom such notice was due.

## CLASS ACTION ALLEGATIONS

26. Accordingly, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, plaintiffs sue on behalf of themselves and all consumers similarly situated, and Plaintiffs will seek certification of the following consumer class ("Class"):

> That group of natural persons made up of consumer-borrowers of residential mortgage loans originally made and held by Wells Fargo Bank, which loans were sold or otherwise transferred or assigned to GSR Trust between January 1, 2018 through and including July 1, 2020, and to whom timely written notification of transfer was not given under the Truth in Lending Act, 15 U.S.C. § 1641(g). The term "residential mortgage loan" means a purchase-money or construction loan secured loan secured by a security interest in residential property, and refers to both the note and the security instrument drawn in connection with a respective residential mortgage transaction.

27. The class as defined meets the requirements of FRCP 23 because:

a. *Numerosity.* GSR Trust is an assignee/transferee of a substantial number of Residential Mortgage Loans from Wells Fargo Bank's residential loan portfolio. Wells Fargo Bank is one of the United States' and the world's largest banking organizations, with assets exceeding $1.5 trillion. Although the number of Class members is not presently known, plaintiff is informed and believes there were hundreds of geographically dispersed Residential Mortgage Loan borrowers whose Residential Mortgage Loans were assigned by Wells Fargo to defendant GSR Trust during the relevant Class period.

b. *Commonality.* Common questions of law and fact existing as to all Class members predominate over questions affecting only individual Class members. Without limitation, these common questions include:

1. Whether during the Class period Wells Fargo sold or otherwise transferred or assigned Class member Residential Mortgage Loans to defendant GSR Trust; and

     2.    Whether defendant GSR Trust Residential Mortgage Loan transferee/assignee gave timely written notifications of transfer consistent with TILA requirements per 15 U.S.C. § 1641(g).

c.   *Typicality.*  The claim of plaintiff Kashani is typical of the claims of Class members because:

     1.    Plaintiff was and is a consumer-borrower on a Wells Fargo Residential Mortgage Loan transferred to defendant GSR Trust within the Class period;

     2.    Plaintiff Kashani's Residential Mortgage Loan was among a group of similar Residential Mortgage Loans transferred by Wells Fargo to defendant GSR Trust during the Class period;

     3.    In connection with the transfer, sale or assignment of Kashani's Residential Mortgage Loan to GSR Trust, defendant GSR Trust did not provide plaintiff Kashani with timely written notification of transfer as required by TILA.  15 U.S.C. § 1641(g); and

     4.    In connection with the transfer, sale, or assignment of other Class member Residential Mortgage Loans to GSR Trust, Defendant GSR Trust did not provide *any* individual Class member with timely written notification of transfer as required by TILA.  15 U.S.C. § 1641(g).

d.   *Adequacy of Representation*:  Plaintiff KASHANI will fairly and adequately protect the interests of members of the Class.  Plaintiff has retained a competent and experienced attorney to represent his interests and those of Class members.  Plaintiff has the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff has no interests adverse or antagonistic to those of the Class.  Plaintiff is willing and prepared to serve the Class in a representative capacity, with all the obligations and duties attendant thereto, and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

10       First Amended Class Action Complaint

28. *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy subject of this complaint, and will create a substantial benefit to both the public and the courts in that:

    a. The cost of prosecuting individual consumer actions would substantially exceed the cost of prosecuting the case as a class action;

    b. Class certification will obviate the necessity of a multiplicity of claims;

    c. It is desirable to concentrate the litigation of these claims in a single forum;

    d. Unification of common questions of fact and law into a single proceeding before this Court will reduce the likelihood of inconsistent rulings, opinions, and decisions;

    e. A class action is a superior means of fairly and efficiently resolving this dispute. Given the complexity of the issues presented here, individual claims are not sufficiently sizeable to attract the interest of able and dedicated attorneys and a class action is therefore most practical to prevent a failure of justice; and

    f. TILA specifically recognizes the use of a class action in circumstances such as these. 15 U.S.C. § 1640(a)(2)(B). The violation is well suited to Class treatment because the statutory penalty per borrower is limited to an amount not greater than $4,000, but on the other hand the issues are straightforward and, if there were transfers as alleged and no written notification was provided, liability is automatic.

29. It is contemplated the identity and residential addresses of Class members can be obtained through discovery from defendant GSR Trust, and that notice to the proposed Class can be given via regular mail, except as to any Class member no longer occupying their respective residential address, in which case notice may be

given by email or such other means as is required by this Court; this description is made pursuant to this Local Rules-Central District of California, local rule 23-2.2(g).

30. Plaintiff Kashani is unaware of any difficulties likely to be encountered in the management of this matter that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

31. Plaintiff incorporates by reference the allegations above set forth, and as a first cause of action further alleges as follows:

32. On information and belief, Class member Residential Mortgage Loans, including that of plaintiff Kashani, were within the Class period "sold or otherwise transferred or assigned" by Wells Fargo to defendant GSR Trust as a "third party" within the meaning of 15 U.S.C. 1640(g). (Note: If defendant GSR Trust under oath states there was no transfer in fact, and that in reality Wells Fargo in 2019 remained the owner of Kashani's Residential Mortgage Loan this complaint will be withdrawn.)

33. Defendant GSR Trust, as the purchaser, assignee and/or transferee of the Class member Residential Mortgage Loans, including that of plaintiff Kashani, was obligated to, not later than 30 days after of date of transfer, provide written notification to individual Class members, including plaintiff Kashani, of the transfer of their respective Residential Mortgage Loans, which written notification was to provide those loan-transfer specific details described in 15 U.S.C. § 1640(g)(1)(A)-(E). Defendant GSR Trust failed to timely provide this statutorily required notification to plaintiff Kashani and all individual Class members.

34. Defendant GSR Trust, having failed to provide individual Class members with the written notification required by 15 U.S.C. § 1640(g), is subject to statutory liability to Class members as set forth in 15 U.S.C. § 1640(a)(2)(B) (i.e. such amount as the court may allow, limited to the lesser of "$1,000,000 or 1 per centum of the net worth of" defendant GSR Trust), and recovery of such is hereby sought.

# PRAYER

WHEREFORE, plaintiff prays as follows:

a. For an order appointing plaintiff MIR SAIED KASHANI to serve as class representative and Plaintiff's counsel to serve as lead counsel for the Class;

b. For statutory damages consistent with 15 U.S.C. § 1640(a)(2)(B);

c. All other damages to which Plaintiff and the Class may be entitled;

d. For costs of the action, including reasonable attorney's fees, as determined by the Court pursuant with 15 U.S.C. § 1640(a)(3);

e. For pre-judgment and post-judgment interest at the legal rate; and

f. For such other and further relief as this Court deems just and proper.

Dated: April 28, 2021

                                  Kendrick Jan, APC, by:

                                  /s/ Kendrick Jan
                                  Kendrick Jan, SBN 105149
                                  Kendrick Jan, APC
                                  402 West Broadway, Suite 1520
                                  San Diego, CA 92101
                                  Phone: (619) 231-7702
                                  Email: kj@jan-law.com

                                  Attorney for Plaintiff
                                  MIR SAIED KASHANI, individually
                                  and on behalf of the Class

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing FIRST AMENDED CLASS ACTION COMPLAINT was filed with the Clerk of Court using CM/ECF on April 28, 2021, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/ Kendrick Jan*